UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, N.A.                         Case No. 2:09-cv-11821

    Plaintiff,                                               Hon. Lawrence P. Zatkoff

v.

ANTONIO POLIZZI and
SUPERIOR MEDICAL STAFFING, INC.,
jointly and severally,

    Defendants.
_____/

### ORDER FOR PROCEEDINGS SUPPLEMENTARY
### TO JUDGMENT AND PROPERTY RESTRAINING ORDER

At a session of the Court held in Port Huron,
Michigan, on July 14, 2011
Present: Hon. Lawrence P. Zatkoff
United States District Judge

This case came before the Court on Plaintiff's verified *ex parte* motion for proceedings supplementary to judgment and property restraining order.  The motion seeks relief to aid Chase in the collection of a default judgment entered by this Court against defendants Polizzi and Superior on June 17, 2010, in the amount of $499,250.00.Since entry of the Judgment, Plaintiff states that defendants have paid no portion of the amount owed to Chase.

The Court considered the papers filed in support of the motion.  The Court is fully advised and orders as follows:

    1.    Plaintiff's motion is granted.

    2.    Defendants are restrained and enjoined from transferring, selling, assigning, encumbering, or in any way disposing of any income, or any real or personal property, whether tangible or intangible, in which they now or hereafter hold any ownership interest, particularly from disposing of any property that they may hereafter receive that is not exempt by law from

application in satisfaction of the judgment, except as reasonably necessary for their everyday living expenses or, in the case of defendant Superior Medical Staffing, Inc., its expenses in the ordinary course of business.

     3.     Defendants are restrained and enjoined from removing, or allowing to be removed, from the State of Michigan or in any other way from the jurisdiction of the Court, any property in which they have any interest that is not exempt by law from application in satisfaction of judgment, except as may be allowed by the Court upon motion, supported by a showing that the removal of such property will not prejudice Plaintiff's rights or impair its ability to collect the judgment in full.

     4.     Defendants are restrained and enjoined from transferring, or causing to be transferred, whether by courier, mail, wire transfer, or otherwise, outside the State of Michigan, or in any other way from the jurisdiction of the Court, any currency, negotiable instruments, securities, certificates of deposit, stocks, bonds and other negotiable assets in which they have any interest that is not exempt by law from application in satisfaction of the judgment, except as may be allowed by the Court upon motion, supported by a showing that the transfer of the property will not prejudice Plaintiff's rights or impair its ability to collect the judgment in full.

     5.     Defendants shall appear at the offices of Plaintiff's counsel to testify as to their assets and financial condition, at a date and time to be specified by Plaintiff in a notice of deposition *duces tecum*, and Defendants shall produce documents relating to their assets and financial condition, as requested in such notice of deposition *duces tecum*.

6.       These supplementary proceedings shall be continuing and Plaintiff may, from time to time, request further relief in aid of execution, as allowed by law.

s/Lawrence P. Zatkoff
United States District Judge

Dated: July 14, 2011